**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| RICHARD AMEY, | CASE NO. 1:20-cv-01609 |
| Petitioner, | JUDGE DAVID A. RUIZ |
| v. | |
| WARDEN MICHAEL PHILLIPS, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge James E. Grimes Jr. (R. 11).[1] Petitioner Richard Amey filed a two-claim petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, to which Respondent Warden Michael Phillips filed the Return of Writ. (R. 1; R. 4). Thereafter, Petitioner filed a Traverse to the Return. (R. 9). The Magistrate Judge considered the aforementioned filings and issued a Report and Recommendation (R&R) recommending the Court deny the petition on the merits. (R. 11, PageID# 762, 766–767). Petitioner timely filed Objections to the R&R (R. 13), and Respondent has not responded to those Objections.

### I. Standard of Review

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). However, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of*

---

[1] This case was referred to the magistrate judge pursuant to Local Rule 72.2.

*Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object" (citation omitted)). The text of Federal Rule of Civil Procedure 72(b)(3) addresses only the review of reports to which objections have been made, but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to subsection (b) of Rule 72, the Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

## II. Facts and Procedure

The Court adopts the R&R's summary of the facts and procedural background of this case (R. 11, PageID# 747–751), and further recites here information pertinent to its review of the R&R. In March 2017, the Cuyahoga County Court of Common Pleas held a bench trial for criminal charges alleged against Petitioner stemming from an altercation involving a firearm that resulted in a person's death.[2] *State v. Amey*, 120 N.E.3d 503, 507 (Ohio Ct. App. 2018).

---

[2] In his Objections, Petitioner asserts that the R&R incorrectly stated that three shots were fired during the altercation, when in fact there were only two. (R. 13, PageID# 772). However, Petitioner misreads the R&R: the R&R's reference to a weapon firing "three times" was not in regard to the altercation in the instant case, but rather was a quotation from the separate case *Linzy v. LaRose*, 2016 WL 11371447, at *11 (N.D. Ohio Apr. 26, 2016). (R. 11, PageID# 762).

Following the bench trial, Petitioner was found guilty of voluntary manslaughter, a firearm specification, and two counts of having a weapon while under a disability; however, Petitioner was acquitted of, *inter alia*, murder, felony murder, and felonious assault. *Id.*

On direct appeal, the Ohio Court of Appeals reversed Petitioner's convictions. (R. 11, PageID# 750). But on reconsideration, the Court of Appeals vacated that prior opinion and affirmed Petitioner's convictions. *Amey*, 120 N.E.3d at 506 & n.1. The Supreme Court of Ohio did not accept Petitioner's appeal from the Court of Appeals' decision. *State v. Amey*, 116 N.E.3d 1289 (Ohio 2019).

Petitioner's instant habeas petition asserts two grounds for relief:

> **Ground 1:** Because the fact finder concluded that the defendant did not knowingly kill the alleged victim, the evidence does not sufficiently demonstrate the defendant committed voluntary manslaughter.
>
> **Ground 2**: Petitioner was denied due process when the state court of appeals held that asserting self defense constitutes a concession that he knowingly killed the alleged victim.

(R. 1, PageID# 6, 8; R. 11, PageID# 751). As to the first ground for relief, Petitioner argued that Petitioner's voluntary manslaughter conviction—which required a finding that Petitioner "knowingly cause[d] the death of another"—was not supported by sufficient evidence because the trial court had separately found that the State failed to prove that Petitioner acted with a "knowingly" *mens rea* for the purposes of the murder and felonious assault charges. (R. 1-2, PageID# 23–25); Ohio Rev. Code § 2903.03. As to the second ground for relief, Petitioner contended that he was denied due process under the Fifth and Fourteenth Amendments due to the Court of Appeals' holding that Petitioner conceded that he acted "knowingly" by asserting self-defense. (R. 1-2, PageID# 25–27).

### III. Discussion

The R&R thoroughly analyzed both grounds for relief and found that they both lacked merit. On the first ground, the R&R determined that Petitioner's argument amounted to a request for relief merely because the trial court's findings led to inconsistent verdicts, which is not "contrary to" or an "unreasonable application" of Supreme Court precedent. (R. 11, PageID# 759–760). On the second ground, the R&R reasoned that Ohio law provides that the assertion of self-defense means that a defendant admits the existence of some elements of a crime and that Petitioner fails to identify any legal authority suggesting that such a practice is unconstitutional. (R. 11, PageID# 763–766).

Petitioner's first objection asserts that despite the R&R's findings to the contrary, his first ground for relief does not "rely[] upon an inconsistent-verdict theory." (R. 13, PageID# 772–773). Petitioner's second objection argues that the R&R incorrectly determined that the Ohio Court of Appeals' appropriately held that Petitioner conceded a "knowingly" *mens rea* when asserting self-defense. (*Id.*, PageID# 773–774). These objections merely disagree with the Magistrate Judge's conclusions, as they reiterate the same arguments and some of the same inapposite caselaw that Petitioner raised in his petition and subsequent briefing. The R&R has already thoroughly addressed these issues. As a result, the Court applies the clear error standard, finds none, and agrees with the findings set forth in the R&R.

### IV. Conclusion

The Magistrate Judge's Report and Recommendation (R. 11) is hereby ADOPTED. The Petition (R. 1) is hereby DISMISSED on the merits.

Furthermore, a habeas petitioner is not entitled to a certificate of appealability as a matter of right but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C.

§2253(c)(2). While a petitioner need not demonstrate that he would ultimately prevail on the merits, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Petitioner fails to meet this standard.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

Date: September 21, 2023      s/ *David A. Ruiz*
    David A. Ruiz
    United States District Judge